## M'DANIEL v. HALY.

September 17, 1836.

### *Motion for an issue.*

Under the 87th section of the act of June 16th, 1836, relating to executions, where one of the claimants on the fund for distribution arising from a sheriff's sale, makes an allegation of *a fact* pertinent to the inquiry before the court, the truth of which is disputed by another claimant, and an issue is claimed; the issue to be formed must be *restricted specially* to the ascertainment of the particular matter in dispute. The *whole subject* of the distribution is not to be comprised within the issue.

A party in interest, if he contests what is alleged by another party to be a *fact* or *facts* proper for an inquiry, must make application to the court *in writing*, stating distinctly the *matter in dispute*, for the ascertainment of which he desires an issue or issues.

The issues may be as numerous as the subjects of disagreement; but such issues must be limited to a single inquiry, and all the issues, with the leave of the court, may be tried by the same jury.

The court can make no distribution until the issues have been tried.

The *results* of the issues, as *facts*, are to be received implicitly, and incorporated with such other facts as the parties in interest may consent to, or as the court, when the parties do not expressly agree, shall itself ascertain. All controversy as to the facts must terminate with the finding of the issues.

The court will limit the time within which issues may be asked.

The trial of the issue is subject to all the rules in relation to jury trials generally.

*It seems*, under the 88th section of said act, upon a writ of error to the judgment on the issue, should the supreme court affirm the same, that court will then entertain exceptions as to the decree of distribution made by the court below, upon the whole facts, comprised of those which were returned by the record as undisputed in the court below and of that found by the affirmed judgment on the issue, and order a distribution accordingly.

But should the supreme court *reverse* said judgment on the issue, the record will be remitted to the court below for a new trial thereon.

THE money arising from a sheriff's sale under an execution issued in this case, having been brought into court, a subsequent execution creditor (the property sold being personal estate) claimed a right to the whole, on the ground that the plaintiff had, by directions to the sheriff and other acts, lost his lien and should be postponed. The dispute arose in regard to these facts; whereupon the plaintiff intimated his wish to avail himself of an *issue* as provided for by the act of assembly of June 16th, 1836 relating to executions.

I.—2 U

[M'Daniel v. Haly.]

*Norris* and *Scott,* for the plaintiff.

*Jack,* for the opposing execution creditor.

PER CURIAM.—This application brings under consideration the recent act of assembly " relating to executions," so far as concerns the distribution of the proceeds of sheriff's sales.    The point for our decision is, whether, when *that* which one of the claimants on the fund for distribution asserts to be a *fact* pertinent to the inquiry before the court, is *disputed* by another claimant, the issue to be formed should be *restricted specially* to the ascertainment of the *particular matter* in dispute, or whether the whole subject of the distribution is to be comprised within the issue, and submitted thus to a jury.    We think it very clear that the issue is to be of the former description.

The words of the 87th section are : " if *any fact* connected with such distribution shall be *in dispute,* the court shall, at the request in writing of any person interested, direct an issue to try *the same,* and the judgment upon such issue shall be subject to a writ of error in like manner as other cases wherein writs of error now lie."    There is no ambiguity in this language.    Taken by itself, this section would seem to admit of but the one meaning which we have intimated ; and a comparison with the preceding and next succeeding section, corroborates this exposition.    The 86th section recognizes as existing in the courts, the power which, prior to the act of 16th April 1827, (*Purd. Dig.* 476) they uniformly exercised, of determining how a fund in court produced by a sheriff's sale should be distributed ; and standing alone, this section would authorize the court to decide upon *the facts* as well as the *law* arising upon them.    But this power is *abridged* by the 87th section, by enabling a party in interest, if he contests what is alleged by another party to be *a fact* or *facts* proper for inquiry, to make application to the court *in writing,* stating distinctly *the matter in dispute,* for the ascertainment of which he desires an issue or issues.    And so in regard to any other matter of the truth of which the same or any other claimants cannot agree.    The issues may be as numerous as the subjects of disagreement between any of the claimants.    But to prevent confusion in the minds of the jury, as well as to preserve the symmetry of the proceedings, each issue should be limited to a single inquiry.    All the issues, if the court think proper, may be tried together by the same jury.    To save cost and economize time, this course will be pursued unless otherwise directed by the court in the particular case.

[M'Daniel v. Haly.]

It must be manifest, that until the issues which have been directed shall have been tried, the court can make no distribution. The proceedings will be suspended in that interval. But the moment the issues are found, their results, as *facts*, are to be regarded implicitly, and incorporated with such other facts as the parties in interest may consent to, or as the court, when the parties do not expressly agree, shall itself ascertain. The case will then be ready *for argument*; being in effect *a case stated*, for all controversy as to *the facts* must terminate with the finding on the issues. And as it is within our power, so it is plainly our duty, by a fixed rule, to limit the time within which issues may be asked.

The trial of the issue may involve questions of great moment to the parties; questions similar in character to those which are constantly presented in jury trials generally. The opinion of the judge before whom the issue is trying, may, on these questions, be erroneous; and the opportunity of testing his accuracy is therefore, with a proper sense of the rights of suitors, afforded in the usual manner *on a writ of error*. This is provided for in the 87th section, and the procedure upon this writ is distinctly prescribed in the 88th section, which reads thus: " upon a writ of error *issued as aforesaid, the whole record* shall be returned, and it shall be competent for any person aggrieved by the decree of distribution, to take exceptions thereto, if the judgment upon *such issue* should *be affirmed*." This harmonizes with the view which we have taken of the previous sections. The court below having, by the appropriate means, namely, the concession of the parties, or its own examination as to *some*, and the trial of the issues by the jury as to *others*, ascertained *all* the facts which belong to the case, and having upon these as a *case stated* formed its opinion, and decreed a particular distribution, the duty is imposed upon the supreme court of examining the same subject and pronouncing *its* judgment, affirming, modifying or reversing the decree of the court below. Both courts are to pass upon *precisely* the same state of *facts*; and, therefore, the *preliminary* duty of the *supreme court* is to decide upon the correctness of the trial of the *issues* in the court below. " If the judgment upon *this issue*," according to the language of the act, "*is affirmed*," then " it shall be competent for any person aggrieved by the decree of distribution to take exceptions thereto;" for then, and not before, will the supreme court have the same case to review which was decided upon by the court below. If, instead of *affirming the judgment on the issue*, that court should

[M'Daniel v. Haly.]

*reverse* it, it is plain the *fact* found by the issue cannot be received *as such,* and the rejection of *this* fact destroys the identity of the case with that adjudicated upon in the court below. The whole record must, in this event, it would seem, (for this is a point not necessary to be decided for the illustration of the present argument, and must receive construction from the supreme court) be sent back to the court below for the purpose of *re*-trying the issue, and if the second finding be different from that on the previous trial, this *new result* will become a *new fact* to be incorporated in the case, and another adjudication must accordingly take place.

So soon as the plaintiff's counsel are prepared with their client's request in writing, agreeably to the act of assembly, and in conformity with the suggestions just made, they will renew their application.

Motion refused.

END OF CASES IN SEPTEMBER TERM 1836 REPORTED
IN THIS VOLUME.